| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF FLORENCE | ) | |
| | ) | |
| STANLEY McWHITE, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2007 - CP - 21 - 722 |
| vs. | ) | |
| | ) | |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| Defendant(s) | ) | |

| (Please Print) | | SC Bar #: | 68351 |
|---|---|---|---|
| Submitted By: | Stephen J. Wukela | Telephone #: | 843-669-5634 |
| Address: | PO Box 13057 | Fax #: | 843-669-5150 |
| | Florence SC 29504 | Other: | |
| | | E-mail: | Stephen@wukelalaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Public Service Commission (990) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Employment Security Comm (991) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | ☐ Other (999) |
| ☐ Other (699) | | | |

Submitting Party Signature: _[signature]_    Date: May __, 2007

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §10-36-10 et. seq.

SCCA / 234 (8/06)    Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE ) | Civil Action No. 07-CP-21-⁀)◌◌ |

STANLEY McWHITE,   )
              )
    Plaintiff,   )
              )
vs.           )    SUMMONS FOR RELIEF
              )    COMPLAINT SERVED
ACE AMERICAN INSURANCE COMPANY,   )    (JURY TRIAL DEMANDED)
              )
    Defendant.   )
_____)

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is hereby served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their offices at 403 Second Loop Road, Florence, S.C. within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

WUKELA LAW FIRM

BY: _____
STEPHEN L. WUKELA
ATTORNEY FOR PLAINTIFF
PO BOX 13057
FLORENCE SC 29504
843-669-5634

DATED: May 2ʰᵈ, 2007

CERTIFIED: A TRUE COPY
Connie Reel-Shearin
CLERK OF COURT C.P & G.S
FLORENCE COUNTY, S.C.

FILED
2007 MAY -2 PM 2:42
CONNIE REEL-SHEARIN
CCCP & GS
FLORENCE COUNTY, SC

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | TWELFTH JUDICIAL CIRCUIT |
| COUNTY OF FLORENCE | ) | Civil Action No. 07-CP-21- |

| STANLEY McWHITE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | [Breach of Contract; Bad Faith |
| vs. | ) | Refusal to Pay an Insurance |
| | ) | Claim; Declaratory Judgment] |
| ACE AMERICAN INSURANCE COMPANY, | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Stanley McWhite, by and through undersigned counsel, hereby makes the following claims and allegations:

## JURISDICTION:

1. That the Plaintiff, Stanley McWhite, is a citizen and a resident of the County of Florence, State of South Carolina.

2. That the Defendant, Ace American Insurance Company, is an insurance company licensed to do business within the State of South Carolina.

3. That the Defendant is subject to personal jurisdiction in South Carolina in that it transacts business in South Carolina, in that it caused tortious injury within South Carolina, in that it entered into a contract to insure a risk located within South Carolina.

4. That the Defendant is subject to venue in this forum, in that, among other things, the loss insured by Defendant occurred in Florence County.

## FACTS:

5. That at all relevant times, Plaintiff was an employee of Ahold America's Holdings, Inc., d/b/a US Food Service, and was insured under a Policy No. 15AH079U2321(hereinafter

"Policy") issued by Ace American Insurance Company which provided motorist liability and underinsured motorist coverage, and med-pay coverage.

6. On February 10, 2005, Plaintiff was involved in an automobile accident in Florence, South Carolina and, as a result, suffered personal injuries and damages.

7. That Plaintiff made a claim on the Policy seeking underinsured and med-pay coverage and providing the appropriate proof of loss.

8. As of the date of this Complaint Defendant has refused payment under the policy.

## FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

9. That paragraphs one (1) through eight (8) are hereby expressly incorporated verbatim.

10. That at all relevant times, Plaintiff was an employee of Ahold Americas Holdings, Inc., d/b/a US Food Service, and was insured under a Policy No. 15AH079U2321 issued by Ace American Insurance Company which provided motorist liability coverage, underinsured motorist coverage, and med-pay coverage.

11. On February 10, 2005, Plaintiff was involved in an automobile accident in Florence, South Carolina and, as a result, suffered personal injuries and damages.

12. That on or about February 10, 2005, the at-fault driver, David E. McLean, Jr., was the owner and operator of a 2001 Dodge.

13. That on or about February 10, 2005, Stanley McWhite was, out of and in the course of his employment with Ahold Americas Holdings, Inc., d/b/a U.S. Food Service, traveling South on Secondary Road No. S-21-26, in a tractor-trailer rig in Florence, South Carolina, when his truck

2

broke down. Mr. McWhite, in the course of maintaining and repairing the vehicle, and while wearing a reflective traffic vest, was placing emergency triangles on the roadway behind his truck when David E. McLean, Jr., also traveling South on Secondary Road No. S-21-26, failed to yield to pedestrian Stanley McWhite and collided with McWhite, further causing McWhite injuries and damages as hereinafter set out.

14. That David E. McLean, Jr.'s actions, and failures to act, amount to negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct in the following particulars, to-wit:

(a) Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

(b) Failing to keep a proper lookout;

(c) Failing to yield right of way to a pedestrian;

(d) Failing to maintain proper control;

(e) Failing to maintain adequate brakes on the vehicle he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

(f) Failing to maintain an adequate steering mechanism on the vehicle he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

(g) Failing to warn the Plaintiff of the impending danger.

All of the above being in violation of the statutory and case law of the State of South Carolina.

15. That as a direct and proximate result of David E. McLean, Jr.'s negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct, the Stanley McWhite has suffered injuries and damages as hereinafter set out.

3

16. That as a direct and proximate result of the above set out acts and omissions of David E. McLean, Jr., Plaintiff was damaged in the following particulars:

   (a) Actual and Consequential damages resulting from Personal Injury, to-wit:
      (1) disability, past and future;
      (2) pain and suffering, past and future;
      (3) stress, anguish and anxiety, past and future;
      (4) medical costs, past and future;
      (5) lost wages, past and future;

17. That, in addition, the Plaintiff is informed and believes that he is entitled to an award of punitive damages against David E. McLean, Jr., in an amount to be determined by a jury.

18. That on June 20, 2005, and dates thereafter, Plaintiff made a claim with Ace American under said policy for Underinsured Motorist Coverage and for Medical Payment coverage; providing the appropriate proof of loss.

19. That benefits are due under the terms of the policy.

20. As of the date of this Complaint Defendant, Ace American, has refused payment.

21. That Defendant, Ace American, denied Plaintiff benefits due under said Policy, without reasonable cause, negligently and in bad faith.

22. That as a direct and proximate result of Defendant, Ace American's, breach of contract, Plaintiff has suffered damages as hereinafter set out.

### FOR A SECOND CAUSE OF ACTION
### (BAD FAITH REFUSAL TO PAY AN INSURANCE CLAIM)

23. That paragraphs one (1) through twenty-two (22) are hereby expressly incorporated verbatim.

4

24. That at all relevant times, Plaintiff was an employee of Ahold Americas Holdings, Inc., d/b/a US Food Service, and was insured under a Policy No. 15AH079U2321 issued by Ace American Insurance Company which provided motorist liability coverage, underinsured motorist coverage, and med-pay coverage.

25. On February 10, 2005, Plaintiff was involved in an automobile accident in Florence, South Carolina and, as a result, suffered personal injuries and damages.

26. That on or about February 10, 2005, the at-fault driver, David E. McLean, Jr., was the owner and operator of a 2001 Dodge.

27. That on or about February 10, 2005, Stanley McWhite was, out of and in the course of his employment with Ahold Americas Holdings, Inc., d/b/a U.S. Food Service, traveling South on Secondary Road No. S-21-26, in a tractor-trailer rig in Florence, South Carolina, when his truck broke down. Mr. McWhite, while, in the course of maintaining and repairing the vehicle, and while wearing a reflective traffic vest, was placing emergency triangles on the roadway behind his truck when David E. McLean, Jr., also traveling South on Secondary Road No. S-21-26, failed to yield to the pedestrian, Stanley McWhite, and collided with McWhite, further causing the McWhite injuries and damages as hereinafter set out.

28. That David E. McLean, Jr.'s actions, and failures to act, amount to negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct in the following particulars, to-wit:

    (a) Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

    (b) Failing to keep a proper lookout;

    (c) Failing to yield right of way to a pedestrian;

5

(d) Failing to maintain proper control;

(e) Failing to maintain adequate brakes on the vehicle he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

(f) Failing to maintain an adequate steering mechanism on the vehicle he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

(g) Failing to warn the Plaintiff of the impending danger.

All of the above being in violation of the statutory and case law of the State of South Carolina.

29. That as a direct and proximate result of David E. McLean, Jr.'s negligence, carelessness, recklessness, gross negligence, and willful and wanton conduct, the Plaintiff has suffered injuries and damages as hereinafter set out.

30. That as a direct and proximate result of the above set out acts and omissions of David E. McLean, Jr., Plaintiff was damaged in the following particulars:

(a) Actual and Consequential damages resulting from Personal Injury, to-wit:

(1) disability, past and future;

(2) pain and suffering, past and future;

(3) stress, anguish and anxiety, past and future;

(4) medical costs, past and future;

(5) lost wages, past and future;

31. That, in addition, the Plaintiff is informed and believes that he is entitled to an award of punitive damages against David E. McLean, Jr. in an amount to be determined by a jury.

32. That on June 20, 2005, and dates thereafter, Plaintiff made a claim under said policy for Underinsured Motorist Coverage and for Medical Payment coverage; providing the appropriate proof of loss.

6

33. That benefits are due under the terms of the policy.

34. As of the date of this Complaint Defendant, Ace American, has refused payment.

35. That Defendant, Ace American, denied Plaintiff benefits due under said Policy, without reasonable cause, negligently and in bad faith.

36. That as a direct and proximate result of the Defendant, Ace American's, negligence and bad faith, the Plaintiff has suffered injuries and damages as hereinafter set out.

### DAMAGES:

37. That as a direct and proximate result of the above set out acts and omissions of the Defendant, Ace American, Plaintiff was damaged in the following particulars to-wit:

    (1) Loss of Policies' benefits, plus pre-judgment and post-judgment interest;
    (2) economic loss;
    (3) anxiety, and emotional distress;
    (4) attorney's fees and costs.

38. That in addition the Plaintiff is informed and believes that he is entitled to an award of Punitive Damages against Defendant, Ace American, in an amount to be determined by a jury.

### FOR A THIRD CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

39. That paragraphs one (1) through thirty-eight (38) are hereby expressly incorporated verbatim.

40. That at all relevant times, Plaintiff was an employee of Ahold Americas Holdings, Inc., d/b/a US Food Service, and was insured under a Policy No. 15AH079U2321 issued by Ace American Insurance Company which provided motorist liability coverage, underinsured motorist coverage, and med-pay coverage.

41. That Defendant, Ace American, failed to make a meaningful offer of Underinsured coverage up to $5,000,000.00, the limits of the liability coverage on the policy to their insured, Ahold Americas Holdings, Inc., d/b/a U.S. Food Service, as required by South Carolina law.

42. That the Plaintiff contends that pursuant to South Carolina law he is entitled to Underinsured Motorist Coverage of Five Million ($5,000,000.00) Dollars covering the accident of February 10, 2005.

43. That the at-fault driver's liability carrier has tendered their Twenty-Five Thousand ($25,000.00) Dollars per person liability limits in this case.

44. That Ace American has refused to admit that Plaintiff was an insured under the policy or pay any Underinsured Motorist Coverage.

45. That a judiciable controversy exists as to the amount of coverage available to Plaintiff under this policy.

46. That the Plaintiff seeks declaratory judgment from this Court declaring that he is an insured under the policy and entitled to excess Underinsured Motorist Coverage of Five Million ($5,000,000.00) Dollars under the Ace American Insurance Company Policy.

**WHEREFORE**, the Plaintiff prays for declaratory judgment against the Defendant, Ace, declaring Plaintiff's entitlement to coverage under Ace American Insurance Company policy totaling Five Million ($5,000,000.00) Dollars excess underinsured motorist coverage; along with judgment for actual, consequential, and punitive damages; along with reasonable attorney's fees pursuant to

8

S.C. Code §38-59-40; and such other relief that the Court deems appropriate against the Defendant, Ace American Insurance Company, in an amount to be determined by a jury.

WUKELA LAW FIRM

BY: _____
STEPHEN J. WUKELA
ATTORNEY FOR PLAINTIFF
PO BOX 13057
FLORENCE SC 29504
843-669-5634

Florence, South Carolina

May 2nd, 2007